UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| YADI'EL AMRUM BINYAH, *ex rel. Eugene E. Wade, Jr.*, : Plaintiff,[1] : vs. : HELEN WALLACE, *et al.*, : Defendants. : | : Case No. 3:22-cv-111 : : District Judge Michael J. Newman : Magistrate Judge Kimberly A. Jolson : : : : : |

## REPORT AND RECOMMENDATION

Following Plaintiff's submission of his complaint, titled "Motion for Ex Parte Injunctions and Equitable Adoption and Enforcement of Guardian Ad Litem/Parental Interest" (Doc. 1), the Court entered a Deficiency Order directing Plaintiff to pay $402 ($350 filing fee plus $52 administrative fee) or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period within thirty days if he wished to proceed with the matter. (Doc. 3, at PageID 32).

The Court further noted in the Deficiency Order that it was not clear whether Plaintiff intended to file the instant action in this Court because the caption of the complaint stated "Montgomery Co. Ohio" (*see* Doc. 1, at PageID 1), and it is well settled that federal courts generally lack jurisdiction over domestic relations matters, including child custody, "even when those questions are presented in the guise of a federal question." *Robinson v. Michigan*, No.

---

[1] In addition to himself, Plaintiff has identified two other parties as plaintiffs.  Because Plaintiff is the only person to have signed the complaint, however, Plaintiff is the only person the Court recognizes as a party Plaintiff to this action.

1:09cv564, 2009 WL 3011225, at *3 (W.D. Mich. Sept. 16, 2009) (and numerous cases cited therein). *See also Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) ("Under the principles of comity and deference to state expertise in the field of domestic relations," and in accordance with the court's "consistent policy," the Sixth Circuit "decline[d] to exercise jurisdiction" over claims that constituted collateral attacks on state-court judgments pertaining to child custody). The Court noted this so that, if Plaintiff intended to file this case in another Court, he could do that and avoid paying the federal filing fee. (Doc. 3, at PageID 32).

Thereafter, Plaintiff partially complied with the Court's Deficiency Order by submitting an Affidavit and a certified copy of his prison trust fund account statement (pages 5 through 8 of the Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees form). (*See* Docs. 5-2; 5-3). However, Plaintiff did not provide the Court with a completed Application to proceed *in forma pauperis*. Rather, together with his Affidavit and certified copy of his prison trust fund account statement, Plaintiff refiled his original motion, in which he asked for the Court to waive all filing fees and costs. (*See* Doc. 5, at PageID 58).

On June 2, 2022, the Court entered a second Deficiency Order, indicating that it lacked authority to waive the filing fee. (*See* Doc. 6, at PageID 100). The PLRA provides that, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.*, § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Accordingly, the Court directed Plaintiff that, if he wished to proceed with this matter in this Court, he must pay $402 ($350 filing fee plus $52 administrative fee) or submit a completed

Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees form within thirty (30) days of the date of the filing of the Order.[2]

The Court further directed Plaintiff that, if he failed to comply with the Order, the Court would dismiss his case for want of prosecution. *See In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). Plaintiff was also directed that, if his case was dismissed for failure to comply with the Order, the case would not be reinstated to the Court's active docket despite the payment of the filing fee. *See id*.

More than thirty days have passed since the Court entered its second Deficiency Order, and Plaintiff has not responded.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** in its entirety for want of prosecution.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response

---

[2] Plaintiff was not required to submit another certified copy of his inmate trust fund account statement because the statement previously provided to the Court was sufficient to comply with *in forma pauperis* application requirements set forth in 28 U.S.C. § 1915(a)(2). (*See* Docs. 5-1; 5-2).

to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

**IT IS SO RECOMMENDED.**


Date: July 11, 2022                     /s/ Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE